UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Leota Hardy,

                Plaintiff,

   vs.

United States Department of the
Interior, Bureau of Indian Affairs
Minnesota Agency, Eugene Virden,
and Shirley VanAstine, United States
Department of the Interior of the
Interior Bureau of Indian Affairs
Midwest Regional Office, Terry
Virden, Realty Department of the
United States Department of the
Interior Bureau of Indian Affairs
Midwest, Dirk Kempthorne
Interior Secretary, The Minnesota
Chippewa Tribe Finance Agency,
A.K.A. Minnesota Chippewa Tribal
Housing Corporation, Jon Connor,
Beltrami Electric Cooperative, INC.,
Sam Mason, Dan Dow, And Realty
Department of the United States
Department of the Interior Bureau
of Indian Affairs Minnesota Agency,
United States Department of the Interior,
Interior Board of Indian Appeals,
Administrative Law Judge, Debora

Luther, Teresa Garrity, Field Solicitor
U.S. Department of the Interior
Ft. Snelling Minnesota Office, and
The Minnesota Housing Finance Agency,

      Defendants.    Civ. No. 07-3858 (JMR/RLE)

 * * * * * * * * * * * * * * * * * *

  This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff for leave to proceed <u>in forma pauperis</u> ("IFP"). See, <u>Docket No. 2</u>. The Plaintiff appears <u>pro se</u> and, in view of the fact that her Complaint has yet to be served, no appearance has been made by, or on behalf of, any of the named Defendants. For the reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

  The Plaintiff commenced this action on August 30, 2007, by filing her IFP application, together with a self-styled Civil Complaint, and various other written materials. See, <u>Docket No. 1</u>. The Court found the Plaintiff's original Complaint to be deficient, for several reasons. Most notably, the Plaintiff did not comply with the basic stylistic pleading requirements that are prescribed by Rules 8-11, Federal Rules

of Civil Procedure, she did not describe the factual and legal grounds upon which her lawsuit was based, and she did not explain why her lawsuit was not barred by the doctrine of sovereign immunity. Therefore, by Order dated September 7, 2007, see, Docket No. 3, we informed the Plaintiff that she would be required to file an Amended Complaint, by no later than October 1, 2007, and that a ruling on her IFP application would be deferred "until October 1, 2007, or until such time as the Plaintiff has filed an Amended Complaint with the Clerk of Court, whichever event occurs first."

The Court's Order of September 7, 2007, further advised the Plaintiff that, if she elected to file an Amended Complaint, her new pleading would have to cure the defects found in the original Complaint. The Plaintiff was expressly told that her Amended Complaint must satisfy the elemental pleading requirements set forth at Rules 8-11, Federal Rules of Civil Procedure, and that she would have to "explain the underlying facts of her case, **in separate numbered paragraphs**." Id. at p. 6 [emphasis in original]. The Court's prior Order also explicitly directed the Plaintiff to "clearly describe the specific relief that the Plaintiff is seeking against each named Defendant." Id.

On September 20, 2007, and presumably pursuant to the Court's Order, the Plaintiff filed an Amended Complaint. See, Docket No. 4. However, it appears that

the Plaintiff has been unable to cure the defects found in her original pleading that were identified in our prior Order. Thus, the Amended Complaint does not mention any grounds for Federal Subject Matter Jurisdiction, as required by Rule 8(a), Federal Rules of Civil Procedure; it does not set forth the factual and legal bases for the Plaintiff's claims in separate numbered paragraphs, as required by Rule 10(b), Federal Rules of Civil Procedure; and it does not describe the specific relief that the Plaintiff is seeking, as required by Rule 8(a), Federal Rules of Civil Procedure.

Most importantly, the Plaintiff's Amended Complaint does not present a cogent set of historical facts which, if proven true, would entitle the Plaintiff to legal redress against the named Defendants.[1] Indeed, most of the Defendants listed in the caption

---

[1] As best as we can discern, the Plaintiff has a concern over the destruction of premises at "Allotment 267," but we are unable to tell who owns the Allotment, where the Allotment is located, what happened, if anything, to any premises on the Allotment, who authorized any acts, if acts were taken, with respect to the Allotment, or whether the Plaintiff has exhausted any administrative remedies available to her. In her Amended Complaint, the Plaintiff asserts that "[t]his case is currrently at the United States Department of the Interior, Interior Board of Indian Appeals." See, Docket No. 4, at p. 3. The Plaintiff continues by identifying an "administrative law judge, Debora Luther," but she does not disclose what administrative proceeding, if any, is currently in progress, nor does she demonstrate that we have any jurisdiction to review an administrative proceeding that may, or may not, have progressed to a final Order from which an appeal, to some judicial or administrative body, would be proper. Id. The Plaintiff asks, quizzically, "Why aren't there any legal recoding from yous [sic], the United States District Court, District of Minnesota as to what U.S.
(continued...)

of the Amended Complaint are not even mentioned anywhere in the body of the pleading. The Plaintiff certainly has not described what each individual named Defendant allegedly did, or failed to do, that assertedly would entitle the Plaintiff to a Judgment against each of them.

In sum, the Plaintiff's Amended Complaint is just as deficient as her initial pleading.[2] Since the Plaintiff has not corrected the defects identified in the Court's prior Order, she still has not pled an actionable claim for relief. Therefore, we recommend that the Plaintiff's IFP application be denied as moot, and that this action be summarily dismissed, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). See, Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(Section 1915(e)(2)(B)(ii) authorizes district courts to summarily dismiss actions filed by IFP applicants who have failed to plead an actionable claim); see also, Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000)

---

[1](...continued)
magistrate Judge gave the approval for this allotment to look like this?" Id. We have no clue as to the basis, or import, of the query, and her Amended Complaint is undecipherable.

[1]After reviewing the Plaintiff's original Complaint, the Court was quite concerned about the Plaintiff's ability to present a viable pleading without the aid of legal counsel. Therefore, the Court's prior Order encouraged the Plaintiff to seek legal assistance from the Volunteer Lawyers Network, Anishinabe Legal Services, or some other Legal Aid Society. It appears, however, that the Plaintiff either did not solicit legal assistance, or none could be provided to her.

("Under section 1915(e)(2)(B)(ii), a District Court shall dismiss a complaint filed in forma pauperis 'at any time if * * * the action * * * fails to state a claim on which relief may be granted.'").

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiff's Application to Proceed In Forma Pauperis [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).

Dated: October 5, 2007              *s/Raymond L. Erickson*
                                    Raymond L. Erickson
                                    CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 22, 2007**, a writing which specifically identifies those portions of the Report

to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 22, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.